NOT FOR PUBLICATION                                    [Docket No. 59]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| KATHRYN TORRES AND TASHIVA TORRES | : : : | |
| Plaintiffs, | : : | Civil Action No. 04-2233 (RMB) |
| v. | : : | **OPINION** |
| CITY OF ATLANTIC CITY, et al., | : : | |
| Defendants. | : | |

APPEARANCES:

Teri Lodge, Esq.
HOLSTON, MACDONALD, UZDAVINIS & ZIEGLER, PC
66 Euclid Street
Woodbury, NJ 08096
    Attorney for Plaintiffs

A. Michael Barker, Esq.
BARKER & SCOTT
210 New Road
Linwood Greene, Suite 12
Linwood, NJ 08221
    Attorney for Defendants, Sgt. Charles Love, Det. Mary Grace
    Ingram, Det. Christopher Barber, and Det. Harold Mason, Jr.

**BUMB**, United States District Judge:

   This matter comes before the Court upon Plaintiffs' motion for reconsideration as to this Court's denial of summary judgment on Plaintiff, Kathryn Torres', malicious prosecution claim.  Also pending is Plaintiffs' renewed motion for summary judgment as to Plaintiff Tashiva Torres' claims.  For the reasons discussed

1

below, this Court will deny Defendants' motion for reconsideration and grant summary judgment as to the claims regarding Plaintiff, Tashiva Torres.

**Factual and Procedural Background:**

The facts pertinent to this case are well known to the parties and were recited by this Court in its oral Opinion on June 20, 2007.  Because this Court writes only for the parties' benefit, it will briefly reiterate the facts pertinent to the pending motions in a light most favorable to the non-moving party.

The Plaintiffs in this matter are Kathryn Torres and her daughter Tashiva Torres.  Kathryn Torres was the manager of an apartment complex located in Atlantic City, NJ.  On May 3, 2002, the Plaintiffs were working in the office at the apartment complex and left the area at approximately 10:00PM.  Plaintiffs exited the parking lot driving a large green Dodge Durango Sport Utility Vehicle.  As they were exiting, Plaintiffs saw a vehicle parked near the complex.  There were four Caucasian adults in the vehicle - the individual Defendants in this matter, who were on-duty police officers.  The vehicle was unmarked and the officers were in street clothes.  Plaintiff, Kathryn Torres testified that she was concerned because she did not recognize the persons in the vehicle and drove her vehicle alongside the vehicle and asked

the officers if they needed help.

Plaintiffs allege that the officers addressed them in a nasty tone and that Defendant Love asked Plaintiff Kathryn Torres who she was.  Plaintiff responded that she was the manager of the property.  Love indicated that he was a police officer but Kathryn Torres did not believe him and asked for identification.  Plaintiffs allege that none of the occupants were in uniform and that the vehicle had no lights or insignia and appeared to be an ordinary vehicle.  Kathryn Torres maintains that she was never shown police identification and the Plaintiffs dispute that they were told to put on their seatbelts, asked to provide identification or that Kathryn Torres was told she was under arrest.

Following a verbal altercation with the officers, Kathryn Torres, believing that she and her daughter were in danger, drove away.  Whether or not Kathryn Torres hit Defendant Ingram with the vehicle as she drove away is a heavily disputed issue of fact.  Once Plaintiffs drove away, Kathryn Torres alleges that she stopped at a stop sign and then called 911 to talk to Deputy Chief Jubilee.  As Plaintiffs continued to drive, a patrol vehicle came towards Plaintiffs' vehicle and Defendant Barber ran up to Plaintiffs' vehicle.  Kathryn Torres proceeded through a green light to stop near a patrol vehicle.  Kathryn Torres was eventually removed from the vehicle and arrested.  Officers

attempted to remove Tashiva Torres from the vehicle but she alleges that she was belted into the seat.  After Tashiva was removed from the vehicle, she was arrested.

After the arrests, the Plaintiffs were separately transported to the Atlantic City Police Station.  Kathryn Torres was charged with aggravated assault by auto, among several other charges.  Tashiva Torres was charged with obstructing administration of the law, resisting arrest and failure to wear a seatbelt.

On June 5, 2002, a Grand Jury indicted Kathryn Torres on the aggravated assault charge.  Tashiva Torres was indicted by a grand jury for obstructing justice and resisting arrest.  Trial commenced on February 9, 2004, and ended in a mistrial.  A new trial began on February 17, 2004 but a second mistrial was declared due to discovery violations.  On April 21, 2004, the indictments were dismissed on double jeopardy grounds.

Pursuant to the Second Amended Complaint in this matter, Plaintiffs brought claims against Sergeant Charles Love, Detective Mary Grace Ingram (now Mary Grace Cooke), Detective Christopher Barber, and, Detective Howard Mason, Jr., for, inter alia, false arrest in violation of the Fourth Amendment and claims for malicious prosecution in violation of Plaintiffs' Fourth and Fourteenth Amendment rights.  On October 31, 2006, the individual Defendants filed a motion for summary judgment on all

counts.  This Court heard oral argument on June 20, 2007, and granted Defendants' motion for summary judgment with the exception of Tashiva Torres' claims for false arrest and malicious prosecution and Kathryn Torres' claim for malicious prosecution as it related to the charge of aggravated assault. [Docket No. 57].  This Court permitted Defendants to file a renewed motion for summary judgment as to the claims asserted by Tashiva Torres and allowed an extended period of time to file a motion for reconsideration regarding Kathryn Torres' aggravated assault charge.  These motions were filed with this Court on August 3, 2007.

**Analysis:**

1) Motion for Reconsideration

 *a) Applicable Standard*

 A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Bracket v. Ashcroft, 2003 U.S. Dist. LEXIS 21312 at *5 (D.N.J. Oct. 7, 2003).  There are three grounds for granting a motion for reconsideration: (1) an intervening change in controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See Carmichael v. Everson, No. 03-4787, 2004 U.S. Dist. LEXIS 11742, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004);

Brackett v. Ashcroft, No. Civ. 03-3988, 2003 U.S. Dist. LEXIS 21312, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" Oritani S & L v. Fidelity & Deposit, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

Overall, the moving party must show "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. P. Schoenfeld Asset Mgmt., 161 F. Supp. 2d 349, 353 (D.N.J. 2001); Pelham v. United States, 661 F. Supp. 1063, 1065 (D.N.J. 1987). The "proper ground for granting a motion to reconsider, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached.'" G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990) (quoting New York Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)).

*b) Discussion*

On June 20, 2007, this Court held, in relevant part, that,

> [t]he inconsistencies set forth by [P]laintiff as evidence to rebut probable cause lead this Court to conclude that an issue of fact exists as to the issue of probable cause regarding prosecution on the assault charge; a reasonable jury could conclude that [Kathryn Ingram] did not strike Ingram with her vehicle.

June 20, 2007, Opinion at 22-23. Additionally, because this

Court found that an issue of fact remained as to whether the car struck Ingram [now Cooke], it held that "it is unable to resolve the qualified immunity question without resolution of the underlying disputed factual issue" and, thus, denied summary judgment. Id. at 24.

Defendants aver that, in doing so, this Court misapplied the law to the facts in this case and, therefore, must reconsider the decision. Defendants argue that whether the vehicle actually struck Cooke is "immaterial to whether there was probable cause for Detective Cooke to charge Kathryn Torres with aggravated assault" because "[t]he charge of aggravated assault. . . does not require that the victim be actually struck" and, therefore, regardless of whether there is an issue of fact as to whether the vehicle struck Cooke, probable cause existed to charge Kathryn Torres with attempting to strike Detective Cooke. Def.'s Supp. Br. at 2. Morever, Defendants aver that "[a]n objectively reasonable officer. . . would have been justified in concluding that Kathryn Torres. . . drove her vehicle in Detective Cooke's direction in an attempt. . . to cause serious bodily injury." Id. Finally, Defendants also argue that, contrary to this Court's ruling, the inconsistencies set forth by Plaintiffs do not suffice to create an issue as to whether the indictment was procured by fraud, perjury or other corrupt means.

Plaintiffs counter by arguing that there was never an

7

allegation that Kathryn Torres "attempted" to strike Cooke - only that she did, in fact, strike Cooke. Moreover, Cooke testified before the grand jury that Plaintiff actually struck her with the vehicle and that testimony, which this Court found to be inconsistent, resulted in the indictment. Plaintiffs maintain that the indictment was procured by Det. Ingram's perjury, which is supported by her "divergent statements" regarding the alleged incident.

This Court agrees that while the aggravated assault statute includes attempts to cause injury, the evidence and arguments before this Court on summary judgment focused solely on the impact Defendants contend occurred. This Court will not allow Defendants to make new arguments to this Court for the first time on a motion for reconsideration. See e.g., Anderson v. Corr. Med. Servs., 2007 U.S. Dist. LEXIS 43564 at *6 (D.N.J. June 15, 2007) (stating that the Court would not permit "'a second bite at the apple' under a new theory after [his] first arguments fell short."). Nonetheless, even if this Court were to consider the question as to whether there was probable cause to charge Kathryn Torres with aggravated assault - regardless of whether or not there was impact - Defendants are still plagued by the inconsistencies in Cooke's testimony regarding the incident. Plaintiff and her daughter consistently maintained that she never struck Cooke, that Cooke was to the side of the vehicle as

8

Plaintiffs drove away,[1] and Cooke's versions of what occurred, as discussed in this Court's previous opinion, were inconsistent. Thus, this Court maintains its prior ruling that issues of fact regarding what occurred preclude this Court from making a qualified immunity determination at this time.  See Curley v. Klem, 298 F.3d 271, 278 (3d Cir. 2002) (stating that historical facts must be resolved before the court can determine an officer's reasonableness).

Moreover, this Court has already held that the inconsistencies set forth by Plaintiffs were sufficient to raise an issue of fact as to probable cause stemming from the grand jury indictment.  Defendants merely seek to reargue this issue on reconsideration by asserting that the inconsistencies set forth by Plaintiff "do[] not prove fraud, especially in light of the exigent circumstances under which the events were observed." Defs.' Supp. Br. at 17.  Defendants have not, however, set forth new evidence, a controlling change of law or demonstrated a clear error of law.  Therefore, the motion for reconsideration will be denied.

2) Summary Judgment as to Tashiva Torres' Claims

    *a) Applicable Standard*

Summary judgment shall be granted if there is no genuine

---

[1] See T. Torres. Dep. 84:8-13.

issue as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Hersh v. Allen Products Co.</u>, 789 F.2d 230, 232 (3d Cir. 1986).  "In making this determination, a court must make all reasonable inferences in favor of the non-movant."  <u>Oscar Mayer Corp. v. Mincing Trading Corp.</u>, 744 F. Supp. 79, 81 (D.N.J. 1990) (citing <u>Meyer v. Riegel Prods. Corp.</u>, 720 F.2d 303, 307 n.2 (3d Cir. 1983) <u>cert. dismissed</u>, 465 U.S. 1091 (1984)).  "At the summary judgment stage the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986).

   b) *Discussion*

This Court's prior Opinion held that it could not properly address the false arrest and malicious prosecution claims at the time because the record, as it pertained to Tashiva, was not fully presented to the Court.  Thus, this Court denied the Defendants' motion without prejudice as to those claims.  The parties have now fully briefed the issues of false arrest and malicious prosecution as they relate to Tashiva Torres.

      i) False Arrest

  A cause of action exists under 29 U.S.C. § 1983 if an arrest has been made without probable cause.  <u>Dowling v. City of Philadelphia</u>, 855 F.2d 136, 141 (3d Cir. 1988).  Defendants argue

10

that Tashiva's claim for false arrest fails because they had probable cause to effect the arrest. Furthermore, they argue that they are entitled to qualified immunity because the officers reasonably believed they acted with probable cause.

Probable cause is defined as "facts and circumstances 'sufficient to warrant a prudent man in believing that the (suspect) had committed or was committing an offense.'" Gerstein v. Pugh, 420 U.S. 103, 111 (1975) (quoting Beck v. Ohio, 379 U.S. 89, 91 (1964)). This Court must examine whether the facts "'viewed from the standpoint of an objectively reasonable officer amount to' probable cause." Maryland v. Pringle, 540 U.S. 366, 371 (2003) (quoting Ornelas v. United States, 517 U.S. 690, 696 (1996)). Additionally, it is well established in this Circuit that "in analyzing false arrest claims, a court, to insulate a defendant from liability, need only find that '[p]robable cause . . . exist[ed] as to any offense that could be charged under the circumstances.'" Johnson v. Knorr, 477 F.3d 75, 80 (3d Cir. 2007)(quoting Barna v. City of Perth Amboy, 42 F.3d 809, 819 (3d Cir. 1994)).

In addition to arguing that probable cause existed, Defendants assert that they are entitled to qualified immunity. The Court has a duty to make the qualified immunity determination because "qualified immunity is an objective question to be decided by the court as a matter of law." Harvey v. Plains

Township Police Department, 421 F.3d 185, 194 n. 12 (3d Cir. 2005).  With this in mind, this Court turns to the required questions: (1) has Plaintiff alleged the deprivation of an actual constitutional right; and, (2) was that right clearly established at the time of the alleged violation regarding the arrest. Wilson v. Layne, 526 U.S. 603, 609 (1999).

Defendants argue that Tashiva has not alleged a violation of her constitutional rights because the undisputed facts demonstrate that the Officers had probable cause to arrest her. For example, Plaintiffs left the scene without being given permission to leave, (Pls.' Resp. SOF at ¶ 14), and after they left the scene of the initial confrontation, Detective Barber got out of the police car and ran up to the Plaintiffs' vehicle when it was stopped at a red light.  The tape recording of the 911 call clearly reveals that Sgt. Love clearly stated, "Get out of the car.  You are under arrest." (Defs.' Ex. 26).  Furthermore, in her deposition, Tashiva Torres admitted that despite seeing the uniformed officers and marked police cars, she did not want to get out of the vehicle.  T. Torres' Dep. at 47:21-48:16.

Defendants argue that these facts are sufficient to support probable cause because a person in a police encounter does not have the right to flee or resist and noncompliance with a police officer's order is a violation of N.J. Stat. Ann. § 2C:29-1 (obstructing administration of law or other governmental

function).  In State of New Jersey v. Crawley, 187 N.J. 440, 453-54 (2006), the New Jersey Supreme Court held that a person must comply with a police officer's order to stop "whether or not the police have met the applicable constitutional standard to justify the stop" and must submit to an arrest even if said arrest constitutes an unreasonable seizure.  See also State v. Williams, 192 N.J. 1, 12 (2007)(stating that the New Jersey Supreme Court has "explicitly disapproved of the [] statement that 'a citizen's non-violent flight from an [unconstitutional] search and seizure cannot be validly criminalized' under N.J.S.A. 2C:29-1.")(quoting State v. Crawley, 187 N.J. at 460).

In response, Tashiva Torres argues that the commands to get out of the car and order of arrest were "to the driver, Plaintiff, Kathryn Torres not to Plaintiff, Tashiva Torres." Pls.' Br. at 23.  Further, she argues that she was belted into the seat and could not get out of the car.  Id.  She has set forth no evidence that corroborates her allegation that the officers' commands were directed at her mother only.  In fact, her own admissions belie her assertions: she admitted at her deposition that Det. Cooke and a uniformed police officer were standing next to her side of the car after the Plaintiffs were pulled over.  T. Torres Dep. 41:23-42:7.

In determining if probable cause existed, this Court must apply a common-sense approach based on the totality of

13

circumstances.  Pall v. Kallerbach, 204 F.3d 425, 436 (3d Cir. 2000).  Taking the facts in a light most favorable to the Tashiva Torres, this Court holds that the facts as alleged are insufficient to establish a constitutional violation because probable cause existed to arrest her as to at least one of the charges.  See Saucier v. Katz, 533 U.S. 194, 201 (2001) (stating that the initial inquiry is whether the facts alleged, taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right).  The undisputed facts and totality of circumstances, as stated by Plaintiff, demonstrate why a reasonable officer would believe she had probable cause to effect the arrest.  Tashiva Torres was a passenger in the car when it was surrounded by several uniformed officers and marked patrol cars and Det. Love was stating "get out of the car. . . you are under arrest."  Tashiva admits that even after hearing Love scream outside the car , "I didn't want to get out of the car[.]" T. Torres. Dep. at 48:14.

Certainly, these facts as alleged by Plaintiff suffice to demonstrate probable cause for either of the offenses: resisting arrest (in light of Plaintiff's admitted refusal to leave the car upon being ordered to do so)[2]; and, obstruction of the

---

[2] See N.J. Stat. Ann.  2C:29-2a(1) (stating that "a person is guilty of a disorderly persons offense if he purposely prevents or attempts to prevent a law enforcement officer from effecting an arrest.").

14

administration of the law (admitted refusal to leave the vehicle when ordered).[3]  See State of New Jersey v. Crawley, 187 N.J. at 453-54.

However, the Court notes that even if a constitutional violation did exist, qualified immunity shields the officers from liability because a reasonable officer would have believed probable cause existed.[4]  See Saucier, 533 U.S. at 202, 206 (stating that the court must ask, would it "be clear to a reasonable officer that his conduct was unlawful in the situation he confronted" or was there a "reasonable, but mistaken belief[] as to the facts establishing the existence of probable cause.").

A reasonable officer would have concluded that she had probable cause to arrest Tashiva.  For example, while Plaintiff may not have believed that the officers were, indeed, police, the officers had identified themselves verbally and Barber showed his identification. (Defs.'SOF at ¶ 4 and Pls.'s Resp. SOF at ¶ 4);

---

[3] See N.J. Stat. Ann. 2C:29-1 (A person commits an offense if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act.).

[4] It is beyond cavil that the right to be free from arrest without probable cause is a clearly established constitutional right.  See e.g., Mitchell v. Obenski, 134 Fed. Appx. 548, 550 (3d Cir. 2005) ("There is a Fourth Amendment right to be free from arrest without probable cause, and this right is clearly established.").

(Defs.' SOF at ¶ 23 and Pl's Resp. SOF at ¶ 23).  Despite these identifications, Tashiva still failed to comply with the officers' commands.  While Tashiva alleges that it was, in fact, her mother and not her being told to exit the car and that she was under arrest, she has presented no evidence whatsoever to corroborate her self-serving allegation.  Furthermore, Tashiva's personal belief as to who the orders were directed at would not be known or impact the belief of a reasonable officer that she had probable cause.  As such, these officers reasonably, even if mistakenly, believed they had probable cause to effect the arrest and are entitled to qualified immunity on Plaintiffs' false arrest claims.  Id. at 206.


2) Malicious Prosecution

To prove malicious prosecution under Section 1983 when the claim is brought pursuant to the Fourth Amendment, a plaintiff must show that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 85 (3d Cir. 2007) (quoting Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).

16

Probable cause is the center of the parties' arguments regarding the alleged malicious prosecution of Tashiva Torres. The Third Circuit recently clarified in Johnson v. Knorr, 477 F.3d 75, 85 (3d Cir. 2007), that probable cause to arrest on one charge does not insulate law enforcement from liability for malicious prosecution on other charges where no probable cause exists. Thus, in examining a claim for malicious prosecution, based on more than one charge, the court must "separately analyze the charges claimed to have been maliciously prosecuted." Id. at 85 (quoting Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991)).

As an initial matter, this Court notes that "[i]n § 1983 actions, a grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute." Palma v. Atlantic County, 53 F. Supp. 2d 743, 756 (D.N.J. 1999) (citing Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989)). This presumption can be rebutted, however, by evidence that the indictment was procured by fraud, perjury or other corrupt means. Rose, 871 F.3d at 353. It is undisputed that Tashiva Torres was indicted on charges of obstruction and resisting arrest, see Pls.' Br. at 11, Tashiva has set forth no evidence to rebut the presumption of probable cause that arises as a result of this indictment. She only argues that all relevant facts are disputed and that she did not refuse to get out of the car. Pls.' Br. at 24. However, for the reasons set forth above, this Court finds

17

that no constitutional violation occurred as Defendants had probable cause to prosecute Plaintiff for obstruction of administration of law and resisting arrest.

Moreover, a reasonable officer would have concluded that probable cause existed to charge Tashiva with obstruction of the administration of law and resisting arrest.  The undisputed facts show that Plaintiff was clearly in the presence of uniformed officers and marked patrol cars and the officers can be heard telling Plaintiffs to "get out of the car" because they were "under arrest" yet, Tashiva admits in her deposition that, despite these circumstances, she still did not want to get out of the vehicle.  T. Torres Dep. at 47:21-48:16.

As clearly recounted in State v. Crawley, "[i]t is not a defense to a prosecution [for resisting arrest] that the law enforcement officer was acting unlawfully in making the arrest, provided he was acting under color of his official authority and provided the law enforcement officer announces his intention to arrest prior to the resistance." Id. at 453.  Further [a] person may be convicted of obstruction of justice where the individual. . . refuses to follow police instructions as the officers attempt to make an arrest. Johnson v. City of Pleasantville, 2007 U.S. Dist. LEXIS 35078 at * 11 (citing State v. Hernandez, 338 N.J. Super. 317, 323 (App. Div. 2001)).  Therefore, Defendants are entitled to summary judgment on Tashiva Torres' malicious

18

prosecution claims.

**Conclusion:**

    For the aforementioned reasons, Defendants' motion for reconsideration will be denied.  Defendants are entitled to summary judgment on Plaintiff, Tashiva Torres' claims for false arrest and malicious prosecution.  An appropriate Order will issue this date.


Dated: November 30, 2007        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE